José A. Surís Agrait, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 1059. Submitted November 6, 1939.—Decided Nov. 7, 1939.

*José A. Surís Agrait, pro se;* the registrar did not appear.

Mr. Justice De Jesús delivered the opinion of the Court.

By deed No. 25 of June 12, 1939, the spouses Rosendo Irizarry Pagán and María Luisa Vega cancelled a mortgage on a property of the conjugal partnership which guaranteed certain promissory notes to bearer of which they were the holders on the said date. On the same document said spouses grouped the property described under letter A in the deed with another described under letter B, which was the private property of one of the spouses. On the property so grouped, described under letter C, they constituted a mortgage by the same document, in favor of Eugenio Quiñones Rodríguez.

The deed was presented to the Registrar of Property of San Germán and the registrar recorded it only in regard to the cancellation of the mortgage, refusing the record in regard to the grouping and the mortgage because property belonging to the conjugal partnership and privately to the spouses cannot be grouped.

The petitioner accepts the principle on which the registrar's ruling is based but invokes the cases of *Vázquez* v. *Registrar*, 28 P.R.R. 717 and *Vilá* v. *Registrar*, 27 P.R.R. 848, to sustain that the grouping can be made.

In the cases cited by appellant the spouses grouped properties of the conjugal partnership with private properties of one of them and after grouping them, sold the resulting property. In such a case, as the purchaser acquired title to the properties of the conjugal partnership as well as to the private properties of one of the spouses, the grouping is recordable, since in any case the purchaser when he acquired the properties had a perfect right to group them. As the vendors grouped them with the consent of the purchaser, for if he had not consented he would not have accepted the sale and signed the deed, it is equivalent to a grouping by the purchaser himself. *Qui facit per alium facit per se.* The present case is different. This is not the case of a purchaser but of a mortgage creditor, who acquires a real right on the mortgaged property, but not title to the same. As the peti-

526

tioner does not have title to the mortgaged properties, he is not their owner, and not being the owner, he lacks the most important requirement to be able to carry out a grouping, which is that he must be the owner of the grouped properties. Section 61 of the Regulations for the Execution of the Mortgage Law. Neither the mortgage creditor nor the lessee have any right to group properties which do not belong to them. For this reason it cannot be said that the grouping is made by the mortgage creditor as the petitioner erroneously sustains. If the grouping cannot be recorded, neither can the mortgage on the grouped property be recorded, since a mortgage cannot be constituted on a property which does not even have legal existence, as in this case.

For the foregoing reasons the ruling appealed from should be affirmed in all its parts.